UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
==========================================

MT. HAWLEY INSURANCE COMPANY,

        Plaintiff,

        Civ. Action No.: _____

v.

ZITA'S ENTERPRISE, INC.,

        Defendant.

==========================================

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Mt. Hawley Insurance Company ("Mt. Hawley"), by its attorneys, Delahunt Law PLLC, for its complaint for declaratory judgment alleges upon information and belief:

### JURISDICTION, PARTIES, AND VENUE

1. This is an action for declaratory judgment pursuant to Federal Rule of Civil Procedure 57 and 28 U.S.C. section 2201. Mt. Hawley seeks judgment declaring it has no duty to defend or indemnify defendant Zita's Enterprise, Inc. ("Zita's") in connection with a July 25, 2021 incident and the related action captioned David Josenvile v. Zita's Enterprise, Inc, et al., Florida Circuit Court, Orange Co., Case No. 2022-CA-001204-O ("the Josenvile action").

2. At all relevant times, Mt. Hawley was an Illinois corporation with its principal place of business in Illinois.

3. At all relevant times, Mt. Hawley was engaged in certain insurance business in New York State on an excess and surplus lines basis.

4. At all relevant times, defendant Zita's was a Florida corporation with its principal place of business in Florida.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. section 1332(a)(1) based upon complete diversity of citizenship of the parties and an amount in controversy that exceeds $75,000.

6. Zita's is subject to personal jurisdiction pursuant to New York General Obligations Law sections 5-1401 and 5-1402.

7. Venue is proper in this Court pursuant to 28 U.S.C. section 1391(b)(3).

## FACTS

8. At all relevant times, Zita's was engaged in the business of operating a restaurant located at 21 S. Orange Avenue, Orlando, Florida.

9. Mt. Hawley issued Zita's a Commercial General Liability Policy (No. GGL0022228) for the period February 10, 2021 to February 10, 2022 ("the Mt. Hawley policy"). A certified copy of the Mt. Hawley policy is attached hereto as **Exhibit 1**.

10. The Mt. Hawley policy is subject to the Service of Suit and Conditions Endorsement, which states, in part:

> **SERVICE OF SUIT AND CONDITIONS ENDORSEMENT**
>
> **Conditions**
>
> 1. This Policy is amended to add the following Conditions:
>
> > **AA.  Jurisdiction and Venue.**   It is agreed that in the event of the failure of the Company to pay any amount claimed to be due hereunder, the "Insured" shall submit to the jurisdiction of a court of competent jurisdiction in the State of New York, and shall comply with all the requirements necessary to give such court jurisdiction. Any litigation commenced by any "Insured" against the Company shall be initiated in New York. Nothing in this clause constitutes or should be understood to constitute a waiver of the Company's right to remove an action to a United States District Court.

    **BB.** **Choice of Law**. All matters arising hereunder including questions related to the validity, interpretation, performance and enforcement of this Policy shall be determined in accordance with the law and practice of the State of New York (notwithstanding New York's conflicts of law rules).

11. The Mt. Hawley policy is subject to the Exclusion – Firearms, which states:

  This insurance does not apply to "bodily injury", "property damage", "personal and advertising injury" for injury sustained by any person caused directly or indirectly by the discharge of firearms by any person or people on or about the insured premises.

12. The Mt. Hawley policy is subject to the Assault or Battery Exclusion – Scheduled, which states, in part:

  A. This insurance does not apply to "bodily injury", "property damage", or "personal and advertising injury" caused by, arising out of, based upon or relating in any way to any actual or threatened "assault or battery" or any act or omission in connection with prevention, suppression, termination, or investigation of such "assault or battery". This insurance also does not apply to any other "bodily injury", "property damage", or "personal and advertising injury" alleged in any claim or "suit" that also alleges "assault or battery".

    This exclusion applies:

    (1) To any loss, cost or expense arising out of, based upon or relating in any way to an "assault or battery";

    (2) Regardless of degree of culpability, intent or negligence;

    (3) Even if any insured or any insured's agents, "employees", officers, directors, partners, "volunteer workers" or patrons are alleged to have caused or directed the "assault or battery";

    (4) To acts or omissions of others for whom any insured is allegedly or actually legally responsible;

    (5) To claims against any insured alleging negligence or other wrongdoing in the hiring, placement, training, retention,

        employment, monitoring or supervision of others by that insured;

(6) To any claim or "suit" alleging failure to provide proper security or safe premises to any person injured in an "assault or battery";

(7) No matter what person or entity is involved in, participates in, is the victim of, causes or incites the "assault or battery";

(8) Regardless of who is seeking recovery or asserting rights arising out of, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an "assault or battery";

(9) Even if the person or entity is seeking any recovery – including for emotional distress, loss of society, services, consortium and/or income, reimbursement for expenses (including but not limited to medical expenses, hospital expenses, and wages) – arising out of, caused or contributed to by, derived from, contingent upon, or related to a claim by another person for injuries or damages arising out of an "assault or battery"; or

(10) To any claim, "suit", loss, cost, or expense for contribution or indemnification arising out of an "assault or battery".

13. The Assault or Battery Exclusion – Scheduled endorsement defines "assault or battery" as:

1. Harmful, unlawful or offensive contact upon a person or persons; or

2. Actions or words that directly or indirectly threaten or cause apprehension of harmful, unlawful or offensive contact upon a person.

14. On April 13, 2022, Zita's was served with the complaint in the Josenvile action. A copy of the Josenvile action complaint is attached hereto as **Exhibit 2**.

15. The Josenvile action complaint alleges:

7. At all times material, Defendant, ZITA's, managed, maintained, secured, inspected, and/or controlled the day to

    day activities and operation of a restaurant premises, known as PANINO'S PIZZA AND GRILL located at 21 S. Orange Ave. Orlando, Florida, and/or did so through its employees, contractors and agents, who, at all material times and with regard to the operation, maintenance, and management of the premises, were subject to Defendants' right of control.

  8. On Jul 25, 2021, Plaintiff was on Defendants' premises as a business invitee.

  9. At approximately 12:28 AM on July 25, 2021, an armed assailant pulled out a firearm and began threatening patrons inside of the subject premises.

  10. Plaintiff was shot with a firearm on Defendants' premises by the armed assailant on Defendants' premises.

16. As against Zita's, the Josenvile action complaint asserts a cause of action for negligent security.

17. There is no duty to defend or indemnify Zita's under the Mt. Hawley policy in connection with the Josenvile action or the July 25, 2021 incident alleged therein as they fall wholly within the policy's Exclusion – Firearms.

18. There is no duty to defend or indemnify Zita's under the Mt. Hawley policy in connection with the Josenvile action or the July 25, 2021 incident alleged therein as they fall wholly within the policy's Assault or Battery Exclusion – Scheduled endorsement.

19. Pursuant to the Mt. Hawley policy's Service of Suit and Conditions Endorsement, Mt. Hawley has filed this action in this Court in order to obtain a judgment declaring that, under New York law, Mt. Hawley has no duty to defend or indemnify Zita's in connection with the Josenvile action or the July 25, 2021 incident alleged therein.

20. Mt. Hawley is providing a defense to Zita's in the Josenvile action pending the Court's disposition of this action.

**FIRST CAUSE OF ACTION**

21.     Mt. Hawley re-alleges paragraphs 1 through 20 above as if fully set forth herein.

22.     There is no duty to defend or indemnify Zita's under the Mt. Hawley policy in connection with the Josenvile action or the July 25, 2021 incident alleged therein as they fall wholly within the policy's Exclusion – Firearms.

23.     Mt. Hawley is entitled to judgment declaring that it has no obligation to defend or indemnify Zita's in connection with the Josenvile action or the July 25, 2021 incident alleged therein.

**SECOND CAUSE OF ACTION**

24.     Mt. Hawley re-alleges paragraphs 1 through 23 above as if fully set forth herein.

25.     There is no duty to defend or indemnify Zita's under the Mt. Hawley policy in connection with the Josenvile action or the July 25, 2021 incident alleged therein as they fall wholly within the policy's Assault or Battery Exclusion – Scheduled endorsement.

26.     Mt. Hawley is entitled to judgment declaring that it has no obligation to defend or indemnify Zita's in connection with the Josenvile action or the July 25, 2021 incident alleged therein.

**WHEREFORE**, Mt. Hawley respectfully requests judgment:  (1) declaring that it has no obligation to defend or indemnify Zita's in connection with the Josenvile action or the July 25, 2021 incident alleged therein; and (2) granting such other and further relief in Mt. Hawley's favor as the Court finds just and appropriate.

Dated:  July 21, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　DELAHUNT LAW PLLC


　　　　　　　　　　　　　　　　　　　By:  _____/s/_____
　　　　　　　　　　　　　　　　　　　　　　Timothy E. Delahunt
　　　　　　　　　　　　　　　　　　　　　　Bar Roll. No. TD-2791
　　　　　　　　　　　　　　　　　　　　　　tdelahunt@delahuntpllc.com

　　　　　　　　　　　　　　　　　　　295 Main Street
　　　　　　　　　　　　　　　　　　　Suite 836
　　　　　　　　　　　　　　　　　　　Buffalo, New York 14203
　　　　　　　　　　　　　　　　　　　Tel.: (716) 878-9178

　　　　　　　　　　　　　　　　　　　*Attorneys for plaintiff*
　　　　　　　　　　　　　　　　　　　*Mt. Hawley Insurance Company*